IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE GENE EVANS,

                Petitioner,                ORDER

      v.                                         08-cv-0360-slc

MICHAEL THURMER,
Waupun Correctional Institution,

                Respondent.

---

      Petitioner Eddie Gene Evans has filed a notice of appeal and a motion for a certificate of appealability from this court's final judgment and order entered January 9, 2009, denying his application for a writ of habeas corpus. He seeks leave to proceed in forma pauperis on appeal. United States Magistrate Judge Stephen Crocker previously found petitioner to be indigent.

      A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner cannot make this showing. In his motion, petitioner re-argues the merits of his petition, asserting that the state courts made an unreasonable determination of fact when they determined that petitioner had not alleged facts sufficient to show that his no contest plea to armed robbery was unknowing and unintelligent. Specifically, petitioner insists that his lawyer was ineffective for allowing petitioner to enter a plea when he knew that petitioner could not hear without his hearing aid or see without his glasses. This contention is tied to his contention that when he agreed to plead no contest, he thought he was agreeing to a *total* sentence of seven years, not a sentence of seven years' initial confinement followed by a 13-year term of extended supervision

As the magistrate judge pointed out, petitioner's allegations were refuted by his responses at the plea proceeding that indicated that he was able to hear and respond appropriately to the court's questions and by the trial court's remarks to the effect that petitioner appeared to understand what he was doing. With respect to the terms of the plea agreement, the transcript indicates that the terms were stated twice at the plea hearing, once by the prosecutor and a second time by the court. Petitioner gave no indication that he did not understand the terms of the agreement; instead, he indicated that he understood what was being proposed. Further, petitioner's lawyer indicated that petitioner had heard the plea offers that he had conveyed to him and had given no indication at the plea hearing that he was having trouble hearing or seeing. In light of this evidence (or lack thereof), petitioner's self-serving allegations about his alleged hearing and sight problems fail to undermine the

reasonableness of the state courts' determination that petitioner was able to see and hear the proceedings and enter a voluntary and informed plea. I am satisfied that reasonable jurists would not debate the correctness of this conclusion.

Reasonable jurists would also not debate that petitioner cannot succeed on his claim that his lawyer misinformed him that he would be able to serve the time he had remaining on his Louisiana sentence concurrently with the Wisconsin sentence. At the hearing on petitioner's motion to withdraw his plea, petitioner's lawyer denied that he provided petitioner with any advice about his Louisiana sentence and the trial court credited this testimony over petitioner's. Federal courts are constrained to accept this finding absent "clear and convincing evidence." Petitioner does not have such evidence. Accordingly, he is not entitled to a certificate of appealability on this claim. Finally, as noted by the magistrate judge, petitioner's remaining claims of ineffective assistance of counsel fail for his failure to demonstrate prejudice as required under Strickland v. Washington, 466 U.S. 668, 687 (1984).

The next question is whether petitioner should be allowed to proceed in forma pauperis on appeal, which requires a finding that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that required for a certificate of appealability, I find that petitioner is unable to meet it. In light of the

limits placed by the Antiterrorism and Effective Death Penalty Act upon federal courts reviewing state court criminal judgments, no reasonable person could suppose there is any merit to an appeal supported only by self-serving allegations that the state courts have determined are not credible.

As a final matter, I note that petitioner has filed a motion for the appointment of counsel. Petitioner should direct his request to the Court of Appeals for the Seventh Circuit, which now has jurisdiction over his case. I find that petitioner is indigent and unable to pay the fees and costs associated with appealing from the judgment entered in this case.

ORDER

IT IS ORDERED that:

1. Eddie G. Evans's motion for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 9th day of February, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge